# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

Ricky Hebert                                              Civil Action No. 04-1876

versus                                                    Judge Tucker L. Melançon

Weeks Marine, Inc. and/or Atlantic                        Magistrate Judge C. Michael Hill
Sounding Company, Inc.

## MEMORANDUM RULING

Before the Court are cross motions for summary judgment filed by plaintiff Ricky Hebert and defendants Weeks Marine, Inc. and Atlantic Sounding Company. For the following reasons, the plaintiff's motion will be granted and the defendants' motion will be denied.

*Background*

This action arises from an alleged accident and resulting injuries to plaintiff, Ricky Hebert, on October 8, 2003, while he was working as a welder for Weeks Marine, Inc. and/or Atlantic Sounding Company (sometimes referred to as "Weeks"). At the time of his accident plaintiff was working on pipe in Weeks' Houma, Louisiana shipyard. During his employment with Weeks from July, 2002 through March, 2004, plaintiff was assigned to a number of vessels owned and operated by Weeks, including the BTD-2, the VENTURE, the MARIE/SOUTHERN NIRVANA, the BORINQUEN and the R.S. WEEKS. In the spring of 2003 plaintiff was working primarily aboard the BTD-2. On September 2, 2003 plaintiff was "transferred" from the BTD-2 to the R.S. WEEKS by the Captain of the BTD-2, Clyde Wyble, in order to help the R.S. WEEKS "out of a bind." *09/02/03 Employment Status Change*

*Authorization; Depo. of Wyble.* On September 22, 2003, plaintiff had a dispute with the Supervisor of the R.S. WEEKS, Ed Snover. The record contains an Employment Status Change Authorization dated September 22 which indicates that Snover fired plaintiff and recommended he not be rehired. *9/22/03 Employment Status Change Authorization.* The record also contains a "CORRECTED COPY" Employment Status Change Authorization dated September 22, signed by Travis Williams which indicates "layoff" and states that plaintiff was recommended for rehire. *"CORRECTED COPY" of 9/22/03 Employment Status Change Authorization.* An Employment Status Change Authorization dated October 4, 2003 indicates that plaintiff was "rehire[d]" and assigned to the BTD-2 as an hydraulic welder. *10/04/03 Employment Status Change Authorization.* Plaintiff's alleged injury occurred while the BTD-2 was idle and tied up in a slip at Weeks' Houma shipyard. During that period, plaintiff ate and slept aboard the BTD-2 with the rest of the crew. *Aff. of Hebert; Depo. Of Arthur Simmons.* When plaintiff returned to work in November, 2003, he as sent to work on the BTD-2 on a dredging job in navigable waterways. *Id.*

*Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56.* Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23 (1986). The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. *Id.* Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

*Analysis*

Defendants contend that plaintiff fails to meet the requirements for Jones Act seaman status because from the time he was rehired, October 4, 2003, through the date of the accident, October 8, 2003, plaintiff worked only on land, welding pipe. In his cross motion, plaintiff argues that during his employment with Weeks, all of his work was on vessels under Weeks' control. At the time of his accident, plaintiff asserts that he was a crew member of a vessel and was temporarily assigned to the yard while waiting for a job, a practice which was common during his employment with Weeks.

Only "seamen" can recover damages under the Jones Act. "There are three essential elements in the term 'seaman' as used in the Jones Act. First, the vessel on which the claimant is employed must be in navigation. Second, there must be more or less permanent connection with the vessel, and third, the claimant must be aboard primarily to aid in navigation." *Williams v. Avondale Shipyards, Inc.*, 452 F.2d 955, 958 (5th Cir. 1971). The "rule of thumb" is that those workers who spend less than

about 30 percent of their employment in the service of a vessel in navigation should not qualify as seamen under the Jones Act. *See Id.* at 371, *citing Barrett v. Chevron, U.S.A., Inc.*, 781 F.2d 1067 (5th Cir.1986).

The record provides, and it is undisputed, that plaintiff began his employment with Weeks in July of 2002, working as a welder on Weeks' dredges in navigable waterways, and that he remained in that position until September 22, 2003. It is also undisputed that prior to September 22, 2003, plaintiff worked at least thirty to fifty percent of his time in navigable waters on dredging jobs and that he went out on a job in the Trinity River in June, 2003 while working on the R.S. WEEKS. *Aff. of Hebert; Time Sheets of Hebert.* Thus, it is clear, and defendants' do not dispute, that plaintiff was a Jones Act seaman prior to his alleged accident. Therefore, the issue before the Court is whether plaintiff being rehired on October 4 and assigned to the BTD-2 while it was not in navigable waters, constituted a permanent change from seaman to shipyard employee so that at the time of his alleged injury on October 8 plaintiff was no longer a seaman. Put another way, the sole issue before the Court is whether plaintiff's assignment to the BTD-2 while it was in a slip in the Houma yard constituted a permanent change in plaintiff's status because he was no longer assigned to a vessel "in navigation," but rather became a yard employee.

A vessel is still considered to be "in navigation" even when the vessel is temporarily moored or dockside and even if such vessel is undergoing repairs. *See Chandris*, 515 U.S. at 373-74, 115 S.Ct. at 2192 ("[I]t is generally accepted that a vessel does not cease to be a vessel when she is not voyaging, but is at anchor,

berthed, or at dockside ... even when the vessel is undergoing repairs.")(internal quotations and citation omitted); *Legros v. Panther Servs. Group, Inc.*, 863 F.2d 345, 352 (5th Cir.1988)("A vessel may be 'in navigation,' and the plaintiff working on it a seaman rather than a harbor-worker, 'although [the vessel is] moored to a pier, in a repair yard for periodic repairs, or temporarily attached to some object.'")(quoting *McDermott, Inc. v. Boudreaux*, 679 F.2d 452, 455 (5th Cir.1982)).

The record provides that at the time of his injury plaintiff had been reassigned as a crew member to the BTD-2, an operational dredge which had a job lined up offshore. *10/04/03 Employment Status Change Authorization; Depo. of Captain Wyble*. Defendants do not dispute that the Weeks' time sheets indicate that at the time of his alleged accident, plaintiff was carried as a crew member of the BTD-2. *Plaintiff's Aff*. While the BTD-2 was tied up in a slip at Weeks' Houma yard waiting to go offshore, the crew worked in the yard and ate and slept onboard the vessel, as was the practice of Weeks during the period of time their vessels were in between jobs. *Depo. of Captain Wyble; Depo. of Simmons*. The BTD-2 was tied up at the Houma yard for approximately one month until the offshore job began. *Depo. of Captain Wyble; Plaintiff's Aff*. In November, 2003, the month following his accident, plaintiff went to work on the BTD-2 on a dredging job in navigable waterways. *Plaintiff's Aff*.

Based on the undisputed facts of this case as well as the applicable jurisprudence, the Court finds that plaintiff Ricky Hebert was a seaman working as a crew

member of a vessel in navigation at the time of his alleged injury.  Accordingly, plaintiff's motion will be granted and defendants' motion will be denied.